UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

ELIJAH VANDERMARK

    Debtor

: BANKRUPTCY NO. 5-19-00696-RNO

: CHAPTER 13

MIDFIRST BANK

    Movant

vs.

ELIJAH VANDERMARK and
CHARLES J. DEHART, III, Trustee

    Respondents

## STIPULATION AND AGREEMENT IN SETTLEMENT
## OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW COMES, Leon P. Haller, Esquire, attorney for the Movant, and Patrick J. Best, attorney for Debtor, Elijah Vandermark, and enter into this stipulation and agreement to settle the Motion for relief from the automatic stay as follows:

1. In an attempt to provide Movant with adequate protection for its mortgage, and in settlement of its Motion as previously stated, the parties stipulate to the following facts and agree to the following terms which will be incorporated into an Order to be entered by the Court.

2. The total debt owed by the Debtor is secured by a mortgage on their principal residence at 187 Wild Acres Drive, Dingmans Ferry, Pennsylvania 18328, which mortgage is recorded in Pike County records in Mortgage Book 1345, Page 127.

3. There has been a failure on behalf of the Debtor to make post-petition mortgage payments. This post-petition default through October, 2019, together with attorney's fees not claimed by Movant on its proof of claim now totals $3,256.60 determined as follows:

| | | |
|---|---|---|
| 3 Payments at $779.72 | | $2,339.16 |
| Late Charges | | $ 136.44 |
| Attorney fees and costs | | $ 781.00 |
| | Total | $3,256.60 |

4. Movant has agreed to be provided with the following adequate protection and thereby allow the Debtor to continue with his Chapter 13 Plan:

    (a) Debtor, commencing with November, 2019, shall pay the sum of $779.72 per month representing the regular mortgage payment. Such payment to be timely made in accordance with the loan documents between Debtor and Movant. Debtor acknowledges that the regular monthly payment may vary depending upon tax and insurance escrow requirements.

    (b) Debtor shall pay and cure the post-petition arrearages of $3,256.60 as follows:

        (1) The balance of $3,256.60 shall be paid through the Chapter 13 Plan.

        (2) Movant shall file Amended Proof of Claim within twenty (20) days from

        The date of the Order approving Stipulation.

        (3) Within thirty (30) days from the date of the Order Approving Stipulation, Debtors shall file an Amended Plan allowing for payment of the amounts set forth in Movant's Proof of Claim.

An Order shall be presented to the Court which will permit Movant to proceed with mortgage foreclosure upon the occurrence of the events of default as specified in Paragraph 5.

5. In the event Debtor fails to comply with any provision in Paragraph 4 of this Agreement, Movant, by counsel for Movant, shall serve the Debtor and her counsel with a 10 Day Notice of default. In the event the Debtor fails to cure the default within the notice period,

2

Case 5:19-bk-00696-RNO    Doc 41    Filed 11/12/19    Entered 11/12/19 11:55:25    Desc
Main Document    Page 2 of 3

Movant may proceed to file with the Court a Certification of Default and request the entry of an order modifying the automatic stay.

6. Time is of the essence of this agreement and the terms of this agreement become effective immediately, thereby requiring the Debtor to make a mortgage payment immediately whether or not the stipulation has been approved by the Court.

7. The terms of this Agreement shall apply only during the pendency of Debtor's Chapter 13 proceeding. This Agreement shall be null and void upon conversion of the case to a Chapter 7 proceeding or upon dismissal of the case.

THE PARTIES AGREE TO BE LEGALLY BOUND BY THE FACTS SET FORTH IN THIS STIPULATION AND BY THIS AGREEMENT RECOGNIZE THE FACTS SET FORTH THEREIN TO BE TRUE AND CORRECT AND HAVE EXECUTED THIS AGREEMENT WITH THE KNOWLEDGE THAT IT WILL BE PRESENTED TO THE COURT FOR APPROVAL.

_____
Leon P. Haller, Attorney for Movant

_____
Patrick J. Best, Attorney for Debtor

\